Territorial Law Library

FILED
SUPERIOR COURT
OF GUAM

2012 DEC 18 PM 12: 10

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JANE M. STORY, ) | CASE NO. SP0035-09 |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | |
| JOE T. SAN AGUSTIN, DR. WILFRED ) | **Decision and Order** |
| P. LEON GUERRERO, ANTONILINA ) | |
| S.LEON GUERRERO, GERARD A. ) | |
| CRUZ, GEORGE A. SANTOS, ) | |
| KATHERINE T.E. TAITANO, AND ) | |
| WILFRED G. AFLAGUE AS THE ) | |
| BOARD OF TRUSTEES OF THE ) | |
| GOVERNMENT OF GUAM ) | |
| RETIREMENT FUND AND THE ) | |
| GOVERNMENT OF GUAM, ) | |
| ) | |
| Respondents. ) | |
| ) | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on August 6, 2012 on Respondents' Second Motion for Summary Judgment. Attorney Elyze M. Iriarte represented Respondents. Attorney Jeffrey A. Cook represented Petitioner Jane Story. Following the hearing the Court took the matter under advisement. Having considered the parties' arguments and the applicable law, this Court now issues its Decision and Order.

## BACKGROUND

Petitioner Story originally brought a petition for judicial review on February 23, 2009, seeking review of the denial of her disability retirement by the Board of

Trustees of the Government of Guam Retirement Fund (hereinafter, "Board"). On April 12, 2012, this Court dismissed the petition without prejudice and granted Petitioner leave to amend the petition so that deficiencies in the pleading could be cured.

Story filed her first amended petition on May 11, 2012, arguing that Board violated 4 G.C.A. § 8123 when it denied her application for disability retirement benefits. Petitioner seeks a Writ of Mandate commanding the Board to set aside its decision to deny her application for disability retirement benefits, to grant her application, or to show cause as to why a peremptory writ should not be issued.

Board moved for summary judgment pursuant to Guam R. Civ. P. 56. Board argues that because 4 G.C.A. §§ 8123 and 8124 give the Board discretionary authority over disability retirement applications, a writ of mandamus is not appropriate. It is Board's contention that under Guam law, it may not be compelled to exercise its discretion to award benefits.

## DISCUSSION

In considering a motion for summary judgment, this Court "must draw inferences and view the evidence in a light most favorable to the non-moving party." Bank of Guam v. Flores, 2004 Guam 25 ¶ 7. Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Id. at ¶ 8 (quoting Guam R. Civ. P. 56(c)). This Court looks to the law pertaining to writs of mandate in deciding whether the Board is entitled to judgment as a matter of law.

A writ of mandate may be issued "to any inferior tribunal, corporation, board, or person, to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station." 7 G.C.A. § 31202. "[M]andamus may lie to compel a ministerial act or to address a right to office, but cannot lie to compel the exercise of discretion in a particular manner." DCK Pacific Guam, LLC

v. Morrison, 2010 Guam 16 ¶ 18. An act is ministerial if it involves "mere obedience to orders or performance of duties requiring nongovernmental choices, as opposed to 'discretionary' acts requiring personal deliberation, decision, and judgment involving the government." Limtiaco v. Guam Fire Dep't, 2007 Guam 10 ¶ 32 n.7. Thus, whether this Court may issue a writ of mandate in this matter turns on whether the Board's duty is ministerial or discretionary.

Under Guam law, an employee included in the membership of the Government of Guam Retirement Fund who becomes "totally and permanently disabled for service, either mentally or physically, regardless of how or where the disability shall have occurred after joining the retirement fund." 4 G.C.A. § 8123(a). Section 8123(a) defines "total and permanent disability" as:

> "one which results from some impairment of body or mind which can be expected to result in death, or can be expected to last for a continuous period of not less than twelve (12) months. The impairment shall be one that substantially precludes a person from performing with reasonable regularity the substantial and material parts of any gainful work or occupation that he would be competent to perform were it not for that impairment, and if founded upon condition which render it reasonably certain that it will continue indefinitely."

4 G.C.A. § 8123(a). How a member is found to have a "total and permanent disability" is described in section 8124 of Title 4.

> **"§ 8124. Same: Written Certification Required.**
> A member shall be required to undergo two (2) medical examinations to be performed and submitted by at least two (2) licensed and practicing physicians selected by the Board certifying that the member is totally and likely to be permanently disabled for the future performance of the duties of any assigned position in the service of the government. *If* upon consideration of the report of such physicians, the medical consultant and such other evidence as shall have been presented to it by the member, or others interested therein, the Board finds the member to be totally and permanently disabled, it shall grant him a disability retirement annuity upon written certification that the member has been separated from the service of the employer because of total disability of such nature as to reasonably prevent further service for the employer, and as a consequence is *not* entitled to compensation from the government."

4 G.C.A. § 8124 (emphasis in original).

When given a plain reading, the statute makes clear that a member's access to disability retirement benefits is not unfettered. The member must first be given medical examinations by at least two licensed physicians who must certify that the member is permanently disabled. However, such certification does not end the inquiry. As section 8124 provides, the member is granted disability retirement "'[i]f upon consideration of the report of such physicians, the medical consultant and such other evidence as shall have been presented to it by the member, or others interested therein, the Board finds the member to be totally and permanently disabled." The statute makes clear that the Board makes the final approval of a member's benefits. Even after physicians have certified a member as being permanently disabled, the Board may still decline to extend benefits.

Petitioner Story acknowledges the Board's discretion, but argues there has been an abuse of discretion. This Court does not agree. Board details other considerations made in consideration of Petitioner's application. Among them are Petitioner's judgment, coherence, alertness, appearance, mobility and other such factors, both physical and mental, as detailed by the certifying physicians. *See* Reply to Opposition p.6. Taken together, the factors considered by Board could support a finding that Petitioner was not "totally and permanently disabled." Though Ms. Story may find the Board's decision undesirable, that decision is not one that should be disturbed by this Court under these circumstances. As such, Board is entitled to judgment as a matter of law.

//

//

//

//

Decision and Order
Case No. SP0035-09

## CONCLUSION

Because Board has discretion as to the finding of "total and permanent disability" and because the factors Board considered could support its findings, a writ of mandate is inappropriate here. Respondent's motion for summary judgment is hereby **GRANTED**. Respondent is ordered to prepare a Judgment consistent with this decision.

It is **SO ORDERED** this 18th day of December, 2012.

DEC 1 8 2012

HONORABLE ALBERTO C. LAMORENA, III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

DEC 1 8 2012

Esther L. G Pinaula
Deputy Clerk, Superior Court of Guam